UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY GLEATON,

          Plaintiff,

     v.

JOHN CACCIATORE, Supervisor,
United States Postal Service, and
DYRICK FOWLER, Supervisor,
United States Postal Service,[1]

          Defendants.

CIVIL ACTION NO.
1:20-cv-04938-JPB

## ORDER

     Before the Court is John Cacciatore's ("Cacciatore") Motion to Dismiss pro

se Plaintiff Bobby Gleaton's ("Gleaton") Complaint ("Motion").[2]  ECF No. 7.

Having reviewed and fully considered the papers filed therewith, the Court finds as

follows:

---

[1] The Court observes that the docket lists the United States Postal Office as a
defendant in this case.  However, it was not a party in the case filed in the
Magistrate Court of Fulton County and subsequently removed to this Court.  The
Clerk is therefore **DIRECTED** to terminate the United States Postal Service as a
party in this case.
[2] Defendant Dyrick Fowler did not move to dismiss the Complaint.

## I.   <u>BACKGROUND</u>

Gleaton's Complaint against Cacciatore was drafted on what appears to be a Magistrate Court of Fulton County ("Magistrate Court") form document, and it contains only the following sentence:  "J. Cacciatore intentionally made false statements to the Fulton Co. Police on October 18, 2017, which led to me being arrested (simple battery CS# Bobby Gleaton SG-661731-18[])."  The form also indicates that Gleaton seeks $15,000 in damages.

Cacciatore seeks to dismiss the Complaint because he argues that (i) Gleaton has not asserted any basis for subject matter jurisdiction; (ii) to the extent the Court construes the Complaint as stating a claim under the Federal Tort Claims Act ("FTCA"), Gleaton has not exhausted his administrative remedies; (iii) Gleaton has not sued the United States, which is the only appropriate defendant in an FTCA suit; (iv) even if Gleaton amended the Complaint to name the United States as a defendant, Gleaton's claim would still fail because the United States has not waived immunity for the claim raised here; and (v) the Complaint does not contain allegations sufficient to state a claim upon which relief may be granted.

In response, Gleaton appears to argue that Cacciatore's statements regarding jurisdiction lack merit because Cacciatore removed the action to this Court.  He also asserts that he seeks relief "under 42 U.S.C. [§] 1983" and damages against

each defendant in the amount of $100,000.  Gleaton asks the Court to deny

Cacciatore's Motion or remand the case to Magistrate Court.

## II.   ANALYSIS

### A.   Motion to Dismiss

In evaluating a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6), the court "accept[s] the allegations in the complaint as true and

constru[es] them in the light most favorable to the plaintiff." *Traylor v. P'ship*

*Title Co., LLC*, 491 F. App'x 988, 989 (11th Cir. 2012).  "[A] plaintiff's obligation

to provide the grounds of his entitlement to relief[, however,] requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

punctuation omitted).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A

complaint does not suffice "if it tenders naked assertions devoid of further factual

enhancement.") (internal punctuation omitted) (quoting *Twombly*, 550 U.S. at

557).

Moreover, "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Id*.  "This standard does not require a party to plead

facts with such particularity to establish a significant probability that the facts are

true, rather, it requires a party's pleading of facts to give rise to a 'reasonable

expectation that discovery will reveal evidence [supporting the claim].'" *Burch v. Remington Arms Co., LLC*, No. 2:13-cv-00185, 2014 WL 12543887, at *2 (N.D. Ga. May 6, 2014) (quoting *Twombly*, 550 U.S. at 555) (alteration in original). *See also Twombly*, 550 U.S. at 570 (dismissing complaint because the plaintiffs did not state facts sufficient to "nudge[] their claims across the line from conceivable to plausible").

At bottom, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 556 U.S. at 678, and must instead "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Traylor*, 491 F. App'x at 990 (quoting *Iqbal*, 556 U.S. at 678).

Here, the one-sentence allegation in the Complaint certainly does not satisfy the *Twombly* standard.  Gleaton's barebone assertion of harm does not demonstrate any right to relief, much less above a speculative level.  The Complaint also does not mention 42 U.S.C. § 1983, which Gleaton's response brief indicates is his cause of action.

The Court declines to construe the Complaint as stating a claim under the FTCA, as Cacciatore suggests, because there is no such indication in Gleaton's allegations.  While the Court recognizes its obligation to read the Complaint

liberally because Gleaton is *pro se*, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this policy does not convert the Court into *de facto* counsel for Gleaton or allow the Court to rewrite his deficient pleadings, *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In the interests of justice, *see* Federal Rule of Civil Procedure 15(a)(2), however, and given the context in which the Complaint was filed, *i.e.*, it was written on a form document and initiated in a court where the pleading standard is quite different, the Court will permit Gleaton an opportunity to amend his Complaint.  Accordingly, Cacciatore's Motion, ECF No. 7, is **DENIED** without prejudice.

Gleaton is hereby **DIRECTED** to file an amended complaint within ***twenty-one days*** of the date of this Order.  The amended pleading must include:

1. A background section stating the facts relevant to all claims, presented in individually numbered paragraphs;

2. A separate section for each cause of action that sets forth in individually numbered paragraphs the legal elements of the cause of action and the relevant facts showing an entitlement to relief for such cause of action; and

3. A summary of the relief sought.[3]

---

[3] Cacciatore, as the removing party, "bears the burden of proving that federal jurisdiction exists."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The Court notes that these instructions do not supersede Gleaton's obligation to comply with the requirements of any applicable Federal Rules of Civil Procedure, including Rules 8 and 10.

**SO ORDERED** this 25th day of August, 2021.

J. P. BOULEE
United States District Judge